IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CASE NO: 1:06-CR-235-MEF |
| | ) | |
| RAY J. BRASCOMB | ) | |

MOTIONS TO SUPPRESS SEIZURES AND STATEMENTS
WITH CITATIONS OF AUTHORITY

Introduction

NOW COMES the Defendant, Ray Brascomb, by and through undersigned counsel and pursuant to Rules 12 and 41 of the Federal Rules of Criminal Procedure, as well as the Fourth, Fifth and Sixth Amendments to the United States Constitution, and respectfully moves the Court for an Order prohibiting the government from introducing in this matter all items seized from the Defendant on or about February 1, 2006, all information obtained from such seizures, and all information, including statements, obtained as a result of Mr. Brascomb's arrest, search and interrogations on or after February 1, 2006.

Facts

In support of these motions, the Defendant would show that police reports furnished to defense counsel by the Government indicate and allege the following:

1.  On or about February 1, 2006, Dothan city police officers Corporal Frank Meredith and Officer John Crawford "performed a traffic stop" on a white Kia Spectra as it entered a parking lot off West Main Street in Dothan, Alabama.

1

2. At the time of the stop, the white Kia Spectra was owned by and being driven by Ms. Patricia Brascomb, a cousin of the defendant Ray Brascomb.

3. At the time of the stop, the white Kia Spectra had not violated any traffic laws.

4. No traffic tickets or warnings were issued to the driver, Ms. Patricia Brascomb as a result of the stop.

5. While, on information and belief, around the time of the stop, Thaddeus Brascomb and/or Ray Brascomb may have been sought in connection with a robbery of a restaurant, neither was visible as being present in the white Kia Spectra.

6. Although the officers have asserted in written reports that "a confidential informant" or a "confidential reliable source" provided information that Mr. Ray Brascomb would be a passenger in a white Kia Spectra that was on route to W. Main Street, in fact, the officers did not have either probable cause or an objectively reasonable basis to believe that Mr. Ray Brascomb was in the white Kia Spectra at the time it was stopped and did not believe him to be in the car.

7. Thaddeus Brascomb was not present in the white Kia Spectra.

8. Ray Brascomb was a passenger in the rear seat of the white Kia Spectra and was taken into custody.

9. At the time he was taken into custody, but before being given any *Miranda* warnings, Mr. Brascomb was asked if he had a gun, and he replied that he had thrown a .38 under the driver's seat; a .38 Charter Arms was found under the driver's seat.

10.     On information and belief, Mr. Brascomb was interviewed later at the Dothan Police Department and again made an inculpatory statement regarding the pistol under the driver's seat. <u>After</u> making that statement, Mr. Brascomb was given oral and written notice of his *Miranda* rights, which he signed on February 1, 2006.

11.     After being read his *Miranda* rights, Mr. Brascomb again made inculpatory statements regarding the pistol, other gun possession, and other matters.

12.     At some point, Mr. Brascomb asked for an attorney.

13.     The interrogation paused briefly, then continued, and the officers elicited further statements from Mr. Brascomb.

14.     At times during the interrogation, Mr. Brascomb also described his own extensive drinking and intoxication

15.     The indictment in the present case was filed on October 11, 2006 and charges Mr. Crawford with one offense, a violation of 18 U.S.C. § 922(g)(1), the offense of possessing a firearm on February 1, 2006, at a time when he had been previously convicted of seven specified felonies.

### Grounds to Suppress

16.     The arrest, seizure, search and questioning of Mr. Brascomb were without warrant or consent and were conducted without lawful authority.

17.     The search and seizures described above violated the Fourth, Fifth and Sixth Amendments, in that:

  a. The warrantless arrest of Mr. Brascomb on February 1, 2006, was without probable cause or proper legal authority.

  b. The search of Mr. Brascomb was the fruit of his improper arrest and was without probable cause or proper legal authority.

  c. The interrogations of Mr. Brascomb were the fruit of his improper arrest in violation of the Fourth Amendment and were in violation of his assertion of his rights under the Fifth and Sixth Amendments.

  d. The additional interrogation of Mr. Brascomb, on or after February 1, 2006, after he had asserted his rights under the Fifth and Sixth Amendment, were the fruit of his earlier improper arrest in violation of the Fourth Amendment, the fruit of his earlier improper interrogation in violation of the Fifth Amendment, and was itself a violation of his assertion of his rights under the Fifth and Sixth Amendments.

  e. Mr. Brascomb's waiver of his right to counsel during custodial interrogation was not knowing, voluntary, and intelligent under the totality of circumstances.

## Law

18. "An arrest is constitutionally valid, if 'at the moment an arrest was made, the officers had probable cause to make it.' *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964). Probable cause exists when 'the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was

committing an offense.' Id. Probable cause 'has come to mean more than bare suspicion,' but 'less than evidence which would justify condemnation' or conviction.'" *U.S. v. Thomas*, 11 F.3d 620, 627 (6th Cir. 1993) (citing and quoting *Brinegar v. United States*, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879 (1949); *Locke v. United States*, 7 Cranch 339, 348, 3 L.Ed. 364 (1813).

19.  "(T)he mere presence of an individual in the company of another for whom there exists probable cause to arrest does not obviate the necessity for a particularized finding of probable cause as to the first individual." *U.S. v. O'Campo*, 492 F.Supp. 1211, (E.D.N.Y. 1980), citing *Ybarra v. Illinois*, 444 U.S. 1049, 100 S.Ct. 338, 342 (1979); *Sibron v. New York*, 392 U.S. at 62, 88 S.Ct. 1889, 1902 (1968).

20.  Under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602 (1966), the Government has a heavy burden "to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel." 384 U.S. at 475, 86 S.Ct. at 1628.

21.  "Once a suspect demonstrates her desire to terminate questioning, law enforcement officials may not take statements from the suspect unless they "scrupulously honor[ ]" the suspect's right to remain silent." *Jones v. Singletary*, 952 F.2d 1282 (11th Cir. 1992) (reversing conviction in part due to improper interrogation and citing *Miranda*, 384 U.S. at 479, 86 S.Ct. at 1630; *Michigan v. Mosley*, 423 U.S. 96, 103-04, 96 S.Ct. 321, 326-27, 46 L.Ed.2d 313 (1975)).

22.  A defendant may stop an interrogation at any time, even after a waiver, by asserting his right to remain silent or to seek counsel. *Edwards v. Arizona*, 451 U.S. 477, 484-85, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981).

23. The exclusionary rule principally serves "to deter future unlawful police conduct." *United States v. Calandra*, 414 U.S. 338, 347, 94 S.Ct. 613, 619, 38 L.Ed.2d 561 (1974). "[T]he rule is a judicially created remedy designed to safeguard Fourth Amendment rights through its deterrent effect . . ." Id. at 348, 94 S.Ct. at 620. Thus, the rule must be applied in light of its deterrent purpose. "Under this rule, evidence obtained in violation of the Fourth Amendment cannot be used in a criminal proceeding against the victim of the illegal search and seizure. *Weeks v. United States*, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914); *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed. 1081 (1961). This prohibition applies as well to the fruits of the illegally seized evidence. *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963)." *United States v. Calandra*, 414 U.S. 338, 94 S.Ct. 613, 619, 38 L.Ed.2d 561 (1974).

24. Under these circumstances, the items improperly and illegally seized; all information obtained from or as a fruit of such seizures; and all information, including statements, obtained as a result of Mr. Brascomb's arrest, search and interrogations on or about February 1, 2006, and thereafter, must be suppressed.

**WHEREFORE**, the defendant respectfully prays that these Motions be granted.

                Respectfully submitted,

                <u>s/Christine A. Freeman</u>
                **CHRISTINE A. FREEMAN**
                **TN BAR NO.: 11892**
                Attorney for Ray Brascomb
                Federal Defenders
                Middle District of Alabama

>201 Monroe Street, Suite 407
>Montgomery, AL 36104
>TEL:  (334) 834-2099
>FAX:  (334) 834-0353
>E-Mail: Christine_Freeman@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: A. Clark Morris, Esq., Assistant United States Attorney, One Court Square, Montgomery, AL 36104.

>**s/Christine A. Freeman**
>**CHRISTINE A. FREEMAN**
>**TN BAR NO.: 11892**
>Attorney for Ray Brascomb
>Federal Defenders
>Middle District of Alabama
>201 Monroe Street, Suite 407
>Montgomery, AL 36104
>TEL:  (334) 834-2099
>FAX:  (334) 834-0353
>E-Mail: Christine_Freeman@fd.org